### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | Case No. 11-02786-TLM |
| KARL EUGENE WOODS, ) | |
| ) | Chapter 13 |
| Debtor. ) | |
| _____ ) | |

### MEMORANDUM OF DECISION
_____

On September 14, 2011, Karl Woods ("Debtor") filed a voluntary chapter 13 petition commencing this case.[1] Debtor's first proposed plan was filed on September 29, 2011. On November 15, 2011, the Court denied confirmation of that plan. An amended chapter 13 plan was filed on November 22, 2011. The chapter 13 trustee, Kathleen A. McCallister ("Trustee"), filed findings and recommendations opposing confirmation and, at a hearing on January 17, 2012, the Court again denied confirmation. The discussion at this hearing concerned, *inter alia*, the pendency of a divorce proceeding between Debtor and his spouse, and the need for completion of that litigation in order to advance a plan to confirmation. Though the divorce action was pending at the time Debtor filed his petition for relief in September, 2011, as of the January, 2012 hearing there had been no motion or agreement presented in connection with relief from the § 362(a) automatic stay in order to continue the divorce action in state court. Soon after the

_____

[1] Unless otherwise indicated, all statutory references to chapter and section are to the Bankruptcy Code, Title 11, U.S. Code, §§ 101-1532, and all rule references are to the Federal Rules of Bankruptcy Procedure.

MEMORANDUM OF DECISION - 1

January hearing, and as a result of that discussion, a stipulation for stay relief was presented and an appropriate order was entered.

In May, 2012, about three and a half months after the stay relief order, Trustee filed a § 1307(c) motion seeking to dismiss this chapter 13 case on the basis of plan payment delinquencies and "unreasonable delay." Doc. No. 47 ("Motion"). In response, Debtor acknowledged delinquencies in payment, though represented they would be cured. *See* Doc. No. 48. As to the divorce, Debtor acknowledged that the state court's rulings would be important, if not critical to the terms of a confirmable plan; that attempting to confirm a plan before that ruling was entered was not feasible; and that, after the state court ruling was entered, Debtor would file an amended plan. Debtor also informed the Trustee and Court that the trial in the state court was scheduled for August 29, 2012.

Trustee's Motion came on for hearing on June 19, 2012. Counsel for Debtor confirmed the August 29 trial setting in state court. He was, however, unfamiliar with the details of the state court case, not being the lawyer in the firm handling it, and could provide little information concerning the issues presented or the degree of contest or dispute, likely outcomes, anticipated timing of state court rulings, possibility of post-trial motions or appeals, or similar factors.

Given the Court's calendar, it would appear that the earliest date a post - August 29 proposed amended plan could be noticed for a confirmation hearing

MEMORANDUM OF DECISION - 2

would be October 16, 2012.[2]  Trustee argued that even if Debtor remedied the payment delinquencies under the extant plan, the delay would be unreasonable and prejudicial to creditors.

The Code anticipates a chapter 13 debtor has sufficiently regular income at filing to provide for payments to creditors under a plan.  *See* § 109(e).  The process of plan proposal and confirmation in chapter 13 is intended to move promptly.  For example, a debtor must commence payments not later than 30 days after the date of the filing of the plan or the date of the order for relief (*i.e.*, the petition date), whichever is earlier.  *See* § 1326(a)(1).  A confirmation hearing is to be held no earlier than 20 days and no later than 45 days after the § 341(a) meeting.  *See* § 1324(b).  This Court's Local Bankruptcy Rules recognize the diligence required in moving chapter 13 cases forward to confirmation.  *See* LBR 2002.3 (providing for court noticing of plans filed with the petition, and requiring debtors to timely file and serve plans in cases where the plan is not filed with the petition); LBR 2002.5 (addressing confirmation objection and hearing process).  And, importantly, Trustee cannot commence the process of making distributions to creditors until there is a confirmed plan.  *See* § 1326(a)(2) (requiring trustee to

---

[2]  Even assuming a state court ruling were to be entered promptly after trial on August 29, and that such a ruling would be final and complete, and that both Debtor and his spouse would fully accept the same and not seek further review or other rulings, and assuming an amended plan could be prepared and filed almost immediately after such a ruling, the noticing requirements of either Rule 2002(b) (generally contemplating 28 days' notice) or LBR 2002.5(c) (21 days notice of plan amendments) would make this Court's September 18 date for chapter 13 hearings unavailable.  That the confirmation hearing would need to occur at this Court's mid-November or mid-December settings, instead of October, is certainly a possibility.

MEMORANDUM OF DECISION - 3

retain payments made by debtor until confirmation, then distribute the same in accord with the confirmed plan as soon as practicable).

On the request of a party in interest (and Trustee is clearly one), and after notice and hearing, the Court may dismiss or convert a chapter 13 case for "cause." *See* § 1307(c). Cause includes, but is not limited to, the items listed in § 1307(c)(1) through (11). The contentions here fall under § 1307(c)(1) – "unreasonable delay by the debtor that is prejudicial to creditors" – and § 1307(c)(5) – "denial of confirmation of a plan . . . and denial of a request made for additional time for filing another plan[.]"[3]

On the whole of this record, the Court finds Trustee's Motion well taken. A delay from September 14, 2011, to October, 2012 (or, the Court suspects, more likely November or December, if not later) before a confirmation hearing can occur and a plan can be confirmed is an unreasonable delay.[4] That creditors are stayed from collection but cannot receive payments until a plan is confirmed establishes prejudice from this unreasonable delay.

Debtor failed to ameliorate this showing of prejudice to creditors. Instead,

---

[3] The Court deems Debtor's response to the Motion to be a "request" for additional time to file an amended plan (*i.e.*, until after the state court divorce trial occurs in late August and the state court rules thereon). *See* Doc. No. 48 at 2. It similarly views Trustee's continued urging of dismissal to be, in effect, an argument that this "request" be denied.

[4] The Ninth Circuit Bankruptcy Appellate Panel commented on such a lengthy delay in *In re Tran*, 2006 WL 6811015 (9th Cir. BAP Aug. 8, 2006), holding: "Delays in achieving confirmation should not be limitless. Debtor has cited no authority which would suggest that . . . a year and a month from the petition date was not an unreasonable delay prejudicial to creditors." *Tran*, 2006 WL 6811015 at *7, *see also In re Warren*, 2011 WL 2420323, at *4 (Bankr. D. Idaho June 13, 2011) (citing and following *Tran*).

MEMORANDUM OF DECISION - 4

Debtor argued dismissal would "create issues" for him and may expose him to prejudice. Doc. No. 48 at 2. The argument misperceives the issue. Section 1307(c)(1) is concerned with prejudice suffered by creditors from delay, not the predicted harm to be suffered by a debtor from dismissal. Moreover, Trustee correctly observes that even if a dismissal does put Debtor to a burden in obtaining a continuation of the stay in a subsequently filed case, the Code also provides a mechanism for Debtor to seek that relief. *See* § 362(c)(3).

The Motion will be granted under § 1307(c)(1). Further, construing Debtor's opposition to the Motion as tantamount to a request for time to file an amended plan, the Court will deny that request, and thus dismissal is also warranted under § 1307(c)(5).

The Court will enter a separate Order, dismissing this case, consistent with this Decision.[5]

DATED: June 20, 2012

TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

---

[5] Under § 1307(c), if the Court finds "cause" exists, it shall either dismiss or convert the case, "whichever is in the best interests of creditors and the estate." Here, Trustee has argued solely for dismissal, and the Court determines that dismissal, not conversion, is appropriate under the § 1307(c) standard.

MEMORANDUM OF DECISION - 5